**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

JERI L. ROBERTS and TIMOTHY    )
ROBERTS, Husband and wife,    )
   )
       Plaintiffs,    )
   )
    v.    )    Case No.  08-5010-CV-SW-JCE
   )
DENIS PERCELL, D.O., and    )
GEORGE ROBIE, M.D., and    )
MARK J. SKELLEY, M.D., and    )
ST. JOHN'S REGIONAL MEDICAL    )
CENTER, JOPLIN, MISSOURI, a Missouri )
Corporation,    )
   )
   )
       Defendants.    )

**COMPLAINT**

**JURY TRIAL REQUESTED**

PLAINTIFFS ALLEGE :

**COUNT I.**

1.    Defendant, St. John's Regional Medical Center, Joplin, Missouri, is a  Missouri

corporation, with its principal place of business in Joplin, Jasper County, Missouri.

2.    Defendant, Denis Percell,.D.O., during all times mentioned herein, was an agent, servant

and employee under contract to perform medical services and was a medical staff

member for Defendant, St. John's Regional Medical Center, Joplin, Missouri.

1

3.      Defendant St. John's Regional Medical Center, Joplin, Missouri, is vicariously liable for the acts and conduct of Defendant Percell, and all other agents, servants, and employees, which were performed in the course and scope of their agency for Defendant St. John's Regional Medical Center, Joplin, Missouri.

4.      Plaintiffs at all times material hereto were and are husband and wife, and residents of Galena, Cherokee County, Kansas.

5.      Prior to and through and including January 1, 2001, there existed a doctor-patient relationship between the Defendants Percell and St. John's Regional Health Center, Joplin, Missouri, and the Plaintiff , and therefore, the Defendants were obligated to exercise that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

6.      Defendant Denis Percell, D.O., admitted Plaintiff Jeri L. Roberts to St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, and was at all times material hereto legally responsible for her treatment and care while hospitalized at St. John's Regional Medical Center, Joplin, Missouri, as her attending physician.

7.      Plaintiff Jeri L. Roberts delivered twin boys, on December 29, 2000, at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri.

8.      Defendant Denis Percell, D.O., was the obstetrician of Plaintiff Jeri L. Roberts, both prior to the delivery of the said twin boys, and at the time of the delivery.

9.      Prior to her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts, to the knowledge of Defendant Denis Percell, D.O., began suffering from acute epigastric tenderness and pain, and nausea and had become extremely lethargic and confused, and suffered from vomiting and severe insomnia.

10.    Upon her admission to the hospital maintained by Defendant St. John's Regional Medical

Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts was lethargic and confused, and after her admission and prior to the delivery of her twin male children, she became more lethargic and confused.

11.     Following the delivery of her twin male children on December 29, 2000, Plaintiff Jeri L. Roberts became more lethargic and her epigastric right upper quadrant pain increased, and she became obtunded, and her platelet count dropped, and she developed abnormal bleeding.

12.     Prior to and including January 1, 2001, Defendant Denis Percell, D.O., was negligent in that he failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession, in that he:

> a.      failed to appreciate and diagnose, from the history which was given him, concerning the physical signs and symptoms which Plaintiff Jeri L. Roberts displayed, and concerning her physical condition, prior to her admission on December 28, 2000, that Plaintiff Jeri L. Roberts had early onset HELLP Syndrome, or a variant thereof, and pre-eclampsia-postpartum, and failed to properly treat Plaintiff Jeri L. Roberts for that condition, and failed to perform diagnostic procedures which would have shown the nature and extent of the conditions from which Plaintiff Jeri L. Roberts was suffering, and failed to provide medical treatment and supportive management to prevent those conditions from aggravating and worsening; and

> b.      failed to perform available diagnostic procedures, prior to the admission of Plaintiff Jeri L. Roberts on December 28, 2000, in order to determine the physical and medical condition of Plaintiff Jeri L. Roberts; and

> c.      failed to take or cause to be taken a proper history from Plaintiff Jeri L.

3

Roberts and her immediate family members of her physical condition which had existed in the weeks prior to the admission of Plaintiff Jeri L. Roberts to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri; and

d.  failed to appreciate and diagnose that upon her admission to the admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, that Plaintiff Jeri L. Roberts was in physical distress, and was suffering from HELLP Syndrome, or a variant thereof, and related hemolytic and systemic conditions, and symptoms of pre-eclampsia-postpartum, and failed to undertake the treatment and supportive management of the conditions from which Plaintiff Jeri L. Roberts suffered at that time; and

e.  failed to respond in a timely manner when notified by nursing personnel of Defendant St. John's Regional Medical Center, Joplin, Missouri, of the condition of the Plaintiff Jeri L. Roberts; and

f.  having knowledge that Plaintiff Jeri L. Roberts had HELLP Syndrome or a variant thereof, and acute renal dysfunction, and disseminated intravascular coagulopathy, and suspected thrombotic thrombocytopenic purpura- hemolytic uremic syndrome, and was suffering from severe hypoglycemia, and abdominal pain, and was suffering from a metabolic encephalopathy secondary to these conditions, and had symptoms of pre-eclampsia-postpartum, failed to communicate with Defendant Robie, the known physical and medical conditions of Plaintiff Jeri L. Roberts, and the urgency of such conditions, prior to transferring the care of Plaintiff Jeri L. Roberts to Defendant Robie, and prior to his leaving the community of

4

Joplin, Missouri; and

g.  failed to assure himself that in fact Defendant Robie had been informed of and appreciated the known physical and medical conditions of Plaintiff Jeri L. Roberts, and the urgency of such conditions, prior to transferring the care of Plaintiff Jeri L. Roberts, and prior to his leaving the community of Joplin, Missouri, and that in fact Defendant Robie had agreed to accept the care on a "cross-coverage basis" of Plaintiff Jeri L. Roberts, in her known condition; and

h.  failed to communicate with Defendant Robie, during the time when Defendant Percell had requested coverage by Defendant Robie; and

i.  failed to issue written orders to the nursing staff at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, concerning the care of Plaintiff Jeri L. Roberts, concerning her care and treatment, and concerning the symptoms and physical or medical conditions of Plaintiff Jeri L. Roberts of which such nursing staff should be aware, or which would be of significance and which should be brought to the attention of Defendant Robie; and

j.  having knowledge that Plaintiff Jeri L. Roberts was critically ill and had HELLP Syndrome or a variant thereof, and symptoms of pre-eclampsia-postpartum, and acute renal dysfunction, and disseminated intravascular coagulopathy, and suspected thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, and was suffering from severe hypoglycemia, and abdominal pain, and was suffering from a metabolic encephalopathy secondary to these conditions, failed to communicate with Defendant Robie, the known physical and medical conditions of Plaintiff Jeri L. Roberts, and the urgency of such conditions, temporarily abandoned the

5

care and treatment of Plaintiff Jeri L. Roberts following 19:55 hours on December 29, 2000; and

k.     allowed Plaintiff Jeri L. Roberts to be untreated by any physician, while in an extremely critical physical and medical condition, from 19:55 hours on December 29, 2000, until 08:31 hours on December 30, 2000; and

l.     failed to timely request medical consultations with or from other physicians who were available, both within the Joplin, Missouri, area, and at teaching hospitals known to Defendant Percell to exist, in order to obtain assistance in the diagnosis and treatment of Plaintiff Jeri L. Roberts; and

m.     failed, despite the frequent demands of Plaintiff Tim Roberts and other family members of Plaintiff Jeri L. Roberts, to transfer Plaintiff Jeri L. Roberts to another health care facility which could treat the conditions from which Plaintiff Jeri L. Roberts suffered, even though the medical and physical condition of Plaintiff Jeri L. Roberts was deteriorating and the conditions from which she suffered were becoming worse, and were beyond the expertise of the Defendants to treat; and

n.     failed to utilize all available and appropriate modalities of treatment which were available at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, in the care and treatment of Plaintiff Jeri L. Roberts; and

o.     when it became apparent to him that the condition of Plaintiff Jeri L. Roberts was not improving with the care and treatment which she was receiving upon the orders issued by the physicians who were treating Plaintiff Jeri L. Roberts on a consultation basis, to obtain further consultations with or from other physicians who were available, at

6

teaching hospitals known to Defendant Percell to exist, in order to obtain

assistance in the diagnosis and treatment of Plaintiff Jeri L. Roberts; and

p.   unreasonably waited to transfer, or to order the transfer of Plaintiff Jeri L.

Roberts to another health care facility which could treat the conditions

from which Plaintiff Jeri L. Roberts suffered; and

q.   failed to definitively diagnose the medical conditions from which Plaintiff

Jeri L. Roberts suffered or in the alternative, failed to timely diagnose the

medical conditions from which Plaintiff Jeri L. Roberts suffered; and

r.   failed to timely initiate therapeutic apheresis, and attempted to treat the

various circulatory abnormalities, including, but not limited to  fluid

overload and thrombocytopenia, and the acute renal failure and the

metabolic encephalopathy  from which Plaintiff Jeri L. Roberts suffered,

and treated the same with inappropriate and ineffective modalities of

treatment.

13.   As the direct and proximate result of the negligent acts of Defendant Denis Percell, D.O.,

Plaintiff Jeri L. Roberts contracted the HELLP Syndrome, or a variant thereof, and pre-

eclampsia, and during the course of her hospitalization at the hospital maintained by

Defendant St. John's Regional Medical Center, Joplin, Missouri, the HELLP Syndrome

or a variant thereof, and the pre-eclampsia-postpartum, became worse, and she developed

acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic

thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver

dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload,

postpartum anemia, complication of puerperium-postpartum, cardiovascular disease,

including but not limited to primary cardiomyopathy, and an adynamic ileus.

14.   As the further direct and proximate cause of the negligent acts of Defendant Denis

Percell, D.O., Plaintiff Jeri L. Roberts suffered severe pain, suffering and emotional

7

distress and separation from her newborn infants, while she was hospitalized, and was required to be transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for hospitalization and treatment, and Plaintiff Jeri L. Roberts has incurred loss of income, and Plaintiffs incurred and were forced to incur additional medical, prescription, ambulance, hospitalization and related health care expenses had such negligence not occurred, and Plaintiff is informed and believes that she was caused to have permanent damage to her heart and permanent brain damage, and Plaintiff Jeri L. Roberts is further informed and believes that she will be caused to incur expenses for medical treatment in the future for her permanent injuries, in an amount not yet known and that she will incur diminished income in the future, and Plaintiffs have incurred in excess of $600,000.00 in medical and related expenses.

15.     The conduct of Defendant Denis Percell, D.O., described herein was outrageous, in that it was committed in reckless disregard for the safety of Plaintiff Jeri L. Roberts.

16.     Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007.   Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

17.     Defendant Denis Percell is a resident of 18908 E. 34th St., Independence, Jackson County, Missouri.

18.     Defendant George Robie is a resident of 3121 Sunset Dr., Joplin, Jasper County, Missouri.

19.     Defendant Mark J. Skelley is a resident of 3780 W. 26th St., Joplin, Jasper County,

8

Missouri.

20.    Defendant St. John's Regional Medical Center is a Missouri corporation and maintains its
       principal place of business at 2727 McClelland Blvd, Joplin, Jasper County, Missouri.

21.    This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, diversity
       of Citizenship.

WHEREFORE, Plaintiff Jeri L. Roberts prays judgment against Defendant Denis Percell, D.O.,
and Defendant St. John's Regional Medical Center, Joplin, Missouri,  in an amount which will
justly compensate her for the damages she has sustained and which the evidence shall indicate is
fair and reasonable and against Defendant Denis Percell, D.O., in a just and reasonable amount as
and for exemplary damages as a result of the reckless disregard for the safety of the Plaintiff, Jeri
L. Roberts, and that Plaintiff's costs herein incurred and expended be taxed against such
Defendants, and for such other relief as the Court may deem reasonable, and that the judgment
shall accrue interest at the legal rate of 9 percent per annum until paid.

## COUNT II.

1.    Defendant, St. John's Regional Medical Center, Joplin, Missouri, is a  Missouri
      corporations, with its principal place of business in Joplin, Jasper County, Missouri.

2.    Defendant, Denis Percell,.D.O., during all times mentioned herein, was an agent, servant
      and employee under contract to perform medical services and was a medical staff
      member for Defendant, St. John's Regional Medical Center, Joplin, Missouri.

3.    Defendant St. John's Regional Medical Center, Joplin, Missouri,  is vicariously liable for
      the acts and conduct of Defendant Percell, and all other agents, servants, and employees,
      which were performed in the course and scope of their agency for Defendant St. John's
      Regional Medical Center, Joplin, Missouri.

4.    Plaintiffs at all times material hereto were and are husband and wife.

5.    Prior to and through and including January 1, 2001, there existed a doctor-patient
      relationship between the Defendants Percell and St. John's Regional Health Center,

9

Joplin, Missouri, and the Plaintiff , and therefore, the Defendants were obligated to exercise that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

6. Defendant Denis Percell, D.O., admitted Plaintiff Jeri L. Roberts to St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, and was at all times material hereto legally responsible for her treatment and care while hospitalized at St. John's Regional Medical Center, Joplin, Missouri, as her attending physician.

7. Defendant, George Robie, M.D., during all times mentioned herein, was an agent, servant and employee under contract to perform medical services and was a medical staff member for Defendant, St. John's Regional Medical Center, Joplin, Missouri.

8. Plaintiff Jeri L. Roberts delivered twin boys, on December 29, 2000, at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri.

9. Defendant Denis Percell, D.O., was the obstetrician of Plaintiff Jeri L. Roberts, both prior to the delivery of the said twin boys, and at the time of the delivery.

10. Prior to her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri on December 28, 2000, Plaintiff Jeri L. Roberts, to the knowledge of Defendant Denis Percell, D.O., began suffering from acute epigastric tenderness and pain, and nausea and had become extremely lethargic and confused, and suffered from vomiting and severe insomnia.

11. Upon her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts was lethargic and confused, and after her admission and prior to the delivery of her twin male children, she became more lethargic and confused.

12. Following the delivery of her twin male children on December 29, 2000, Plaintiff Jeri L. Roberts became more lethargic and her epigastric right upper quadrant pain increased, and she became obtunded, and her platelet count dropped, and she developed abnormal

10

bleeding.

13. Prior to January 1, 2000, Defendant St. John's Regional Medical Center, Joplin, Missouri, was negligent, in that it: failed to adopt and implement rules and regulations governing the transfer of the care of patients between admitting or attending physicians and on call or cross-coverage physicians, which require that prior to an admitting or attending physician leaving the service of a patient with an on call or cross-coverage physician, that the admitting or attending physician formally and actually notify the proposed on call or cross-coverage physician of the fact of the transfer and of the time when the transfer is to take effect, and to gain the acceptance of the patient by the second physician, and further that the admitting or attending physician actually communicate to the proposed on call or cross-coverage physician the condition of the patient, and that the proposed on call or cross-coverage physician be required to immediately acquaint himself or herself with the history of the patient, and to make an assessment of the patient's condition, to the end that patients are not left unattended, and to the further end that the patients receive the care and diagnostic procedures and treatment modalities which their respective conditions require at the time of the transfer.

14. As the direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri, described in paragraph 13 hereof, the care and treatment of Plaintiff Jeri L. Roberts was turned over to Defendant Robie by Defendant Denis Percell, D.O., on December 29, 2000, at 17:55 hours, without Defendant Robie having previously accepted such care, and without Defendant Denis Percell, D.O., having first communicated to Defendant Robie, that Plaintiff Jeri L. Roberts had HELLP Syndrome or a variant thereof, and acute renal dysfunction, and disseminated intravascular coagulopathy, and suspected thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, and was suffering from severe hypoglycemia, and abdominal pain, and was suffering from a metabolic encephalopathy secondary to these conditions,

11

and had symptoms of pre-eclampsia-postpartum, and was critically ill.

15. As the further direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri described in paragraph 13 hereof, there was no communication between Defendant Denis Percell, D.O., and Defendant Robie, of the known physical and medical conditions of Plaintiff Jeri L. Roberts, and the urgency of such conditions, prior to Defendant Percell transferring the care of Plaintiff Jeri L. Roberts to Defendant Robie, and prior to his leaving the community of Joplin, Missouri; and Defendant Percell failed to assure himself that in fact Defendant Robie had been informed of and appreciated the known physical and medical conditions of Plaintiff Jeri L. Roberts, and of the urgency of such conditions, prior to Defendant Percell transferring the care of Plaintiff Jeri L. Roberts.

16. As the further direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri, described in paragraph 13 hereof, Defendant Percell, prior to his leaving the care of Plaintiff Jeri L. Roberts to the cross coverage under Defendant Robie, and his subsequent leaving the community of Joplin, Missouri, did not in fact assure that Defendant Robie had agreed to accept the care on a "cross-coverage basis" of Plaintiff Jeri L. Roberts, in the known condition from which she suffered at 17:55 hours on December 29, 2000.

17. As the further direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri, described in paragraph 13 hereof, Defendant Robie had the care of Plaintiff Jeri L. Roberts, without his knowledge, and without knowing that he should check on the condition of Plaintiff Jeri L. Roberts throughout the period of time between 17:55 hours on December 29, 2000 and Percell, prior to his leaving the care of Plaintiff Jeri L. Roberts to the cross coverage under Defendant Robie, and his subsequent leaving the community of Joplin, Missouri, did not in fact assure that Defendant Robie had agreed to accept the care on a "cross-coverage basis" of Plaintiff

12

Jeri L. Roberts, in the known condition from which she suffered at 17:55 hours on December 29, 2000. and 08:31 hours on December 30, 2000, and Plaintiff Jeri L. Roberts had no medical attention to her condition or symptoms during such interval and the nursing staff of Defendant St. John's Regional Medical Center, Joplin, Missouri ,were not apprized of the symptoms and physical or medical conditions of Plaintiff Jeri L. Roberts of which such nursing staff should be aware, or which would be of significance and which should be brought to the attention of Defendant Robie.

18.    As the further direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri, Plaintiff Jeri L. Roberts's medical and physical conditions of the HELLP Syndrome, or a variant thereof, and pre-eclampsia, became worse, and Plaintiff Jeri L. Roberts developed acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus.

19.    As the further direct and proximate result of the negligent acts of Defendant St. John's Regional Medical Center, Joplin, Missouri, Plaintiff Jeri L. Roberts suffered severe pain, suffering and emotional distress and separation from her newborn infants, while she was hospitalized, and was required to be transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for hospitalization and treatment, and Plaintiff Jeri L. Roberts has incurred loss of income, and Plaintiffs incurred and were forced to incur additional medical, prescription, ambulance, hospitalization and related health care expenses had such negligence not occurred, and Plaintiff is informed and believes that she was caused to have permanent damage to her heart and permanent brain damage, and Plaintiff Jeri L. Roberts is further informed and believes that she will be caused to incur expenses for

13

medical treatment in the future for her permanent injuries, in an amount not yet known and that she will incur diminished income in the future, and Plaintiffs have incurred in excess of $600,000.00 in medical and related expenses.

20.  Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007.   Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

21.  Defendant Denis Percell is a resident of 18908 E. 34th St., Independence, Jackson County, Missouri.

22.  Defendant George Robie is a resident of 3121 Sunset Dr., Joplin, Jasper County, Missouri.

23.  Defendant Mark J. Skelley is a resident of 3780 W. 26th St., Joplin, Jasper County, Missouri.

24.  Defendant St. John's Regional Medical Center is a Missouri corporation and maintains its principal place of business at 2727 McClelland Blvd, Joplin, Jasper County, Missouri.

25.  This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, diversity of Citizenship.


WHEREFORE, Plaintiff Jeri L. Roberts prays judgment against Defendant St. John's Regional Medical Center, Joplin, Missouri,  in an amount which will justly compensate her for the damages she has sustained and which the evidence shall indicate is fair and reasonable,  and for her costs herein incurred and expended and for such other relief as the Court may deem

reasonable, and that the judgment shall accrue interest at the legal rate of 9 percent per annum until paid.

## COUNT III.

1.  Defendant, St. John's Regional Medical Center, Joplin, Missouri, is a Missouri corporations, with its principal place of business in Joplin, Jasper County, Missouri.

2.  Defendant, Denis Percell,.D.O., during all times mentioned herein, was an agent, servant and employee under contract to perform medical services and was a medical staff member for Defendant, St. John's Regional Medical Center, Joplin, Missouri.

3.  Defendant St. John's Regional Medical Center, Joplin, Missouri, is vicariously liable for the acts and conduct of Defendant Robie, and all other agents, servants, and employees, which were performed in the course and scope of their agency for Defendant St. John's Regional Medical Center, Joplin, Missouri.

4.  Plaintiffs at all times material hereto were and are husband and wife.

5.  Prior to and through and including January 1, 2001, there existed a doctor-patient relationship between the Defendants Robie St. John's Regional Health Center, Joplin, Missouri, and the Plaintiff , and therefore, the Defendants were obligated to exercise that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

6.  Defendant Denis Percell, D.O., admitted Plaintiff Jeri L. Roberts to St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, and was at all times material hereto legally responsible for her treatment and care while hospitalized at St. John's Regional Medical Center, Joplin, Missouri, as her attending physician.

7.  Plaintiff Jeri L. Roberts delivered twin boys, on December 29, 2000, at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri.

8.  Defendant Denis Percell, D.O., was the obstetrician of Plaintiff Jeri L. Roberts, both prior to the delivery of the said twin boys, and at the time of the delivery.

15

9. Prior to her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts, to the knowledge of Defendant Denis Percell, D.O., began suffering from acute epigastric tenderness and pain, and nausea and had become extremely lethargic and confused, and suffered from vomiting and severe insomnia.

10. Upon her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts was lethargic and confused, and after her admission and prior to the delivery of her twin male children, she became more lethargic and confused.

11. Following the delivery of her twin male children on December 29, 2000, Plaintiff Jeri L. Roberts became more lethargic and her epigastric right upper quadrant pain increased, and she became obtunded, and her platelet count dropped, and she developed abnormal bleeding.

12. Prior to and including January 1, 2001, Defendant Robie, was negligent in that he failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession, in that he:

    a. failed, prior to assuming the care of Plaintiff Jeri L. Roberts on December 29, 2000, to determine when Defendant Percell expected him to assume her care and treatment and failed to communicate with Defendant Percell and determine her history, her physical and medical condition and whether Plaintiff Jeri L. Roberts, was in acute distress and required Defendant Robie to actually visit with and assess Plaintiff Jeri L. Roberts, and failed to immediately see Plaintiff Jeri L. Roberts, and assess her physical and medical condition and failed to properly diagnose and treat the conditions from which Plaintiff Jeri L. Roberts suffered, i.e., HELLP Syndrome, or a variant thereof, and pre-eclampsia-postpartum, disseminated intravascular

16

coagulopathy, fluid overload, acute renal failure and postpartum coagulation defects, and failed to prevent those conditions from aggravating and worsening; and

b.    upon his learning of the fact that Defendant Percell had transferred the care of Plaintiff Jeri L. Roberts to him, on a cross coverage basis, and was expecting him to provide coverage for the care and treatment of Plaintiff Jeri L. Roberts, during the absence of Defendant Percell, failed to immediately communicate with Defendant Percell concerning her history, her physical and medical condition and the history of her symptoms and medical history, in order to utilize that information in the diagnosis, treatment and care of Plaintiff Jeri L. Roberts; and

c.    allowed Plaintiff Jeri L. Roberts to be untreated by any physician, while in an extremely critical physical and medical condition, from 19:55 hours on December 29, 2000, until 08:31 hours on December 30, 2000; and

d.    when it became apparent to him that the condition of Plaintiff Jeri L. Roberts was not improving with the care and treatment which she was receiving upon the orders issued by the physicians who were treating Plaintiff Jeri L. Roberts on a consultation basis, to obtain further consultations with or from other physicians who were available, at teaching hospitals known to Defendant Robie to exist, in order to obtain assistance in the diagnosis and treatment of Plaintiff Jeri L. Roberts; and

e.    failed, despite the frequent demands of Plaintiff Tim Roberts and other family members of Plaintiff Jeri L. Roberts, to order the transfer Plaintiff Jeri L. Roberts to another health care facility which could treat the conditions from which Plaintiff Jeri L. Roberts suffered, even though the medical and physical condition of Plaintiff Jeri L. Roberts was

17

deteriorating and the conditions from which she suffered were becoming worse, and were beyond the expertise of the Defendants to treat; and

    f.     failed to utilize all available and appropriate modalities of treatment which were available at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, in the care and treatment of Plaintiff Jeri L. Roberts; and

    g.     unreasonably waited to transfer, or to order the transfer of Plaintiff Jeri L. Roberts to another health care facility which could treat the conditions from which Plaintiff Jeri L. Roberts suffered; and

    h.     failed to definitively diagnose the medical conditions from which Plaintiff Jeri L. Roberts suffered or in the alternative, failed to timely diagnose the medical conditions from which Plaintiff Jeri L. Roberts suffered; and

    i.     failed to timely initiate therapeutic apheresis, and attempted to treat the various circulatory abnormalities, including, but not limited to fluid overload and thrombocytopenia, and the acute renal failure and the metabolic encephalopathy from which Plaintiff Jeri L. Roberts suffered, and treated the same with inappropriate and ineffective modalities of treatment.

13.    As the direct and proximate result of the negligent acts of Defendant Robie, the HELLP Syndrome or a variant thereof, and the pre-eclampsia-postpartum, from which Plaintiff Jeri L. Roberts suffered, became worse, and she developed acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus.

18

14. As the further direct and proximate cause of the negligent acts of Defendant Robie, Plaintiff Jeri L. Roberts suffered severe pain, suffering and emotional distress and separation from her newborn infants, while she was hospitalized, and was required to be transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for hospitalization and treatment, and Plaintiff Jeri L. Roberts has incurred loss of income, and Plaintiffs incurred and were forced to incur additional medical, prescription, ambulance, hospitalization and related health care expenses had such negligence not occurred, and Plaintiff is informed and believes that she was caused to have permanent damage to her heart and permanent brain damage, and Plaintiff Jeri L. Roberts is further informed and believes that she will be caused to incur expenses for medical treatment in the future for her permanent injuries, in an amount not yet known and that she will incur diminished income in the future, and Plaintiffs have incurred in excess of $600,000.00 in medical and related expenses.

15. Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007.  Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

16. Defendant Denis Percell is a resident of 18908 E. 34th St., Independence, Jackson County, Missouri.

17. Defendant George Robie is a resident of 3121 Sunset Dr., Joplin, Jasper County, Missouri.

18. Defendant Mark J. Skelley is a resident of 3780 W. 26th St., Joplin, Jasper County,

19

Missouri.

19.     Defendant St. John's Regional Medical Center is a Missouri corporation and maintains its principal place of business at 2727 McClelland Blvd, Joplin, Jasper County, Missouri.

20.     This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, diversity of Citizenship.

WHEREFORE, Plaintiff Jeri L. Roberts prays judgment against Defendant George Robie, and Defendant St. John's Regional Medical Center, Joplin, Missouri,  in an amount which will justly compensate her for the damages she has sustained and which the evidence shall indicate is fair and reasonable, and that Plaintiff's costs herein incurred and expended be taxed against such Defendants, and for such other relief as the Court may deem reasonable, and that the judgment shall accrue interest at the legal rate of 9 percent per annum until paid.

## COUNT IV.

1.     Defendant, St. John's Regional Medical Center, Joplin, Missouri, is a  Missouri corporations, with its principal place of business in Joplin, Jasper County, Missouri.

2.     Defendant, Mark J. Skelley, M.D., during all times mentioned herein, was an agent, servant and employee under contract to perform medical services and was a medical staff member for Defendant, St. John's Regional Medical Center, Joplin, Missouri.

3.     Defendant St. John's Regional Medical Center, Joplin, Missouri, is vicariously liable for the acts and conduct of Defendant Skelley, and all other agents, servants, and employees, which were performed in the course and scope of their agency for Defendant St. John's Regional Medical Center, Joplin, Missouri.

4.     Plaintiffs at all times material hereto were and are husband and wife.

5.     Prior to and through and including January 1, 2001, there existed a doctor-patient relationship between the Defendants Skelley and St. John's Regional Health Center, Joplin, Missouri and the Plaintiff , and therefore, the Defendants were obligated to exercise that degree of skill and learning ordinarily used under the same or similar

Case 3:08-cv-05010-DW   Document 1   Filed 02/04/08   Page 20 of 29

circumstances by members of the medical profession.

6.  Defendant Denis Percell, D.O., admitted Plaintiff Jeri L. Roberts to St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, and was at all times material hereto legally responsible for her treatment and care while hospitalized at St. John's Regional Medical Center, Joplin, Missouri, as her attending physician.

7.  Plaintiff Jeri L. Roberts delivered twin boys, on December 29, 2000, at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri.

8.  Defendant Denis Percell, D.O., was the obstetrician of Plaintiff Jeri L. Roberts, both prior to the delivery of the said twin boys, and at the time of the delivery.

9.  Prior to her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts, to the knowledge of Defendant Denis Percell, D.O., began suffering from acute epigastric tenderness and pain, and nausea and had become extremely lethargic and confused, and suffered from vomiting and severe insomnia.

10. Upon her admission to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, on December 28, 2000, Plaintiff Jeri L. Roberts was lethargic and confused, and after her admission and prior to the delivery of her twin male children, she became more lethargic and confused.

11. Following the delivery of her twin male children on December 29, 2000, Plaintiff Jeri L. Roberts became more lethargic and her epigastric right upper quadrant pain increased, and she became obtunded, and her platelet count dropped, and she developed abnormal bleeding.

12. Prior to and including January 1, 2001, Defendant Mark J. Skelley, M.D., was negligent in that he failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession, in that he:

    a.    failed to obtain an accurate history concerning the physical signs and

21

symptoms which Plaintiff Jeri L. Roberts displayed, and concerning her physical condition, prior to her admission on December 28, 2000, and failed to perform diagnostic procedures and failed to provide medical treatment and supportive management to prevent those conditions from aggravating and worsening; and failed to properly treat Plaintiff Jeri L. Roberts for those conditions; and

b.      failed to perform available diagnostic procedures,  on and after December 30, 2000, in order to determine the physical and medical condition of Plaintiff Jeri L. Roberts; and

c.      failed to take or cause to be taken a proper history from Plaintiff Jeri L. Roberts and her immediate family members of her physical condition which had existed in the weeks prior to the admission of Plaintiff Jeri L. Roberts to the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri; and

d.      failed to timely request medical consultations with or from other physicians who were available, at teaching hospitals known to Defendant Skelley to exist, in order to obtain assistance in the diagnosis and treatment of Plaintiff Jeri L. Roberts; and

e.      failed, despite the frequent demands of Plaintiff Tim Roberts and other family members of Plaintiff Jeri L. Roberts, to transfer Plaintiff Jeri L. Roberts to another health care facility which could treat the conditions from which Plaintiff Jeri L. Roberts suffered, even though the medical and physical condition of Plaintiff Jeri L. Roberts was deteriorating and the conditions from which she suffered were becoming worse, and were beyond the expertise of the Defendants to treat; and

f.      failed to utilize all available and appropriate modalities of treatment which

22

were available at the hospital maintained by Defendant St. John's Regional Medical Center, Joplin, Missouri, in the care and treatment of Plaintiff Jeri L. Roberts; and

g.    when it became apparent to him that the condition of Plaintiff Jeri L. Roberts was not improving with the care and treatment which she was receiving upon the orders issued by the physicians who were treating Plaintiff Jeri L. Roberts on a consultation basis, to obtain further consultations with or from other physicians who were available, at teaching hospitals known to Defendant Skelley to exist, in order to obtain assistance in the diagnosis and treatment of Plaintiff Jeri L. Roberts; and

h.    unreasonably waited to transfer, or to order the transfer of Plaintiff Jeri L. Roberts to another health care facility which could treat the conditions from which Plaintiff Jeri L. Roberts suffered; and

i.    failed to definitively diagnose the medical conditions from which Plaintiff Jeri L. Roberts suffered or in the alternative, failed to timely diagnose the medical conditions from which Plaintiff Jeri L. Roberts suffered; and

j.    failed to timely initiate therapeutic apheresis, and attempted to treat the various circulatory abnormalities, including, but not limited to fluid overload and thrombocytopenia and the acute renal failure and the metabolic encephalopathy from which Plaintiff Jeri L. Roberts suffered, and treated the same with inappropriate and ineffective modalities of treatment.

13.    As the direct and proximate result of the negligent acts of Defendant Mark J. Skelley, M.D., the HELLP Syndrome or a variant thereof, and the pre-eclampsia-postpartum, from which Plaintiff Jeri L. Roberts suffered, became worse, and she developed acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic

23

thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus.

14.     In the alternative, as the further direct and proximate result of the negligent acts of Defendant Mark J. Skelley, M.D., the HELLP Syndrome or a variant thereof, and the pre-eclampsia-postpartum, and acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus from which Plaintiff Jeri L. Roberts suffered, remain untreated and became worse.

15.     As the further direct and proximate cause of the negligent acts of Defendant Mark J. Skelley, M.D., Plaintiff Jeri L. Roberts suffered severe pain, suffering and emotional distress and separation from her newborn infants, while she was hospitalized, and was required to be transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for hospitalization and treatment, and Plaintiff Jeri L. Roberts has incurred loss of income, and Plaintiffs incurred and were forced to incur additional medical, prescription, ambulance, hospitalization and related health care expenses had such negligence not occurred, and Plaintiff is informed and believes that she was caused to have permanent damage to her heart and permanent brain damage, and Plaintiff Jeri L. Roberts is further informed and believes that she will be caused to incur expenses for medical treatment in the future for her permanent injuries, in an amount not yet known and that she will incur diminished income in the future, and Plaintiffs have incurred in excess of $600,000.00 in medical and related expenses.

16.     Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007. Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

17.     Defendant Denis Percell is a resident of 18908 E. 34th St., Independence, Jackson County, Missouri.

18.     Defendant George Robie is a resident of 3121 Sunset Dr., Joplin, Jasper County, Missouri.

19.     Defendant Mark J. Skelley is a resident of 3780 W. 26th St., Joplin, Jasper County, Missouri.

20.     Defendant St. John's Regional Medical Center is a Missouri corporation and maintains its principal place of business at 2727 McClelland Blvd, Joplin, Jasper County, Missouri.

21.     This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, diversity of Citizenship.

WHEREFORE, Plaintiff Jeri L. Roberts prays judgment against Defendant Mark J. Skelley, M.D., and Defendant St. John's Regional Medical Center, Joplin, Missouri, in an amount which will justly compensate her for the damages she has sustained and which the evidence shall indicate is fair and reasonable and that Plaintiff's costs herein incurred and expended be taxed against such Defendants, and for such other relief as the Court may deem reasonable, and that the judgment shall accrue interest at the legal rate of 9 percent per annum until paid.

### COUNT V.

1.     Plaintiff Jeri L. Roberts realleges each and every allegation contained within Counts I

25

through IV.

2.      As the direct and proximate result of the combined negligence of the Defendants herein, the HELLP Syndrome or a variant thereof, and the pre-eclampsia-postpartum, from which Plaintiff Jeri L. Roberts suffered, became worse, and she developed acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus.

3.      In the alternative, as the further direct and proximate result of the negligent acts of the Defendants herein, the HELLP Syndrome or a variant thereof, and the pre-eclampsia-postpartum, and acute renal dysfunction, disseminated intravascular coagulopathy, thrombotic thrombocytopenic purpura-hemolytic uremic syndrome, severe hypoglycemia, liver dysfunction, metabolic encephalopathy, congestive heart failure, severe fluid overload, postpartum anemia, complication of puerperium-postpartum, cardiovascular disease, including but not limited to primary cardiomyopathy, and an adynamic ileus from which Plaintiff Jeri L. Roberts suffered, remain untreated and became worse.

4.      As the further direct and proximate cause of the negligent acts of Defendants as described herein, Plaintiff Jeri L. Roberts suffered severe pain, suffering and emotional distress and separation from her newborn infants, while she was hospitalized, and was required to be transferred to Barnes-Jewish Hospital in St. Louis, Missouri, for hospitalization and treatment, and Plaintiff Jeri L. Roberts has incurred loss of income, and Plaintiffs incurred and were forced to incur additional medical, prescription, ambulance, hospitalization and related health care expenses had such negligence not occurred, and Plaintiff is informed and believes that she was caused to have permanent damage to her heart and permanent brain damage, and Plaintiff Jeri L. Roberts is further informed and

believes that she will be caused to incur expenses for medical treatment in the future for her permanent injuries, in an amount not yet known and that she will incur diminished income in the future, and Plaintiffs have incurred in excess of $600,000.00 in medical and related expenses.

5.     Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007.   Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

6.     Defendant Denis Percell is a resident of 18908 E. 34th St., Independence, Jackson County, Missouri.

7.     Defendant George Robie is a resident of 3121 Sunset Dr., Joplin, Jasper County, Missouri.

8.     Defendant Mark J. Skelley is a resident of 3780 W. 26th St., Joplin, Jasper County, Missouri.

9.     Defendant St. John's Regional Medical Center is a Missouri corporation and maintains its principal place of business at 2727 McClelland Blvd, Joplin, Jasper County, Missouri.

21.     This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, diversity of Citizenship.

WHEREFORE, Plaintiff Jeri L. Roberts prays judgment against Defendants and each of them, jointly and severally, in an amount which will justly compensate her for the damages she has sustained and which the evidence shall indicate is fair and reasonable and against Defendant

27

Denis Percell, D.O., in a just and reasonable amount as and for exemplary damages as a result of the reckless disregard for the safety of the Plaintiff, Jeri L. Roberts that Plaintiff's costs herein incurred and expended be taxed against such Defendants, and for such other relief as the Court may deem reasonable, and that the judgment shall accrue interest at the legal rate of 9 percent per annum until paid.

### COUNT VI.

1.     Plaintiff Tim Roberts realleges each and every allegation contained within Counts I through V hereof.

2.     As the direct and proximate result of the conduct and negligence of Defendants as set forth herein, Plaintiff Tim Roberts has suffered the loss of consortium, conjugal relations, companionship, counsel and services of Plaintiff Jeri L. Roberts.

3.     As the further direct and proximate result of the conduct and negligence of Defendants as set forth herein, Plaintiff Tim Roberts has incurred expenses for medical, prescription, ambulance, hospitalization and related health care expenses, and additional medical, prescription, and hospitalization and related health care expenses over and above the expenses which would have been incurred had not such negligence occurred.

4.     Prior to the filing hereof, Plaintiffs filed suit against Defendants herein, in the Circuit Court of Jasper County, Missouri, on or about December 27, 2002, Jasper County Circuit Court Case Number 02CV685157, which case was dismissed without prejudice to the refiling of the same, on February 5, 2007. Therefore, pursuant to Section 516.230, revised statutes of Missouri, since this action was first filed timely within the initial period of two years, this action is timely filed, since it is being filed within one year of the dismissal without prejudice of said Jasper County Circuit Court Case Number 02CV685157.

WHEREFORE, Plaintiff Tim Roberts prays judgment against the Defendants jointly and severally, in an amount which will justly compensate her for the damages she has sustained and

Case 3:08-cv-05010-DW   Document 1   Filed 02/04/08   Page 28 of 29

which the evidence shall indicate is fair and reasonable and for his costs incurred and expended herein, and that the judgment shall accrue interest at the legal rate of 9 percent per annum until paid.

Richard D. Crites Attorney at Law, LLC
Regions Bank Building
2045 S. Glenstone Avenue, Suite 201
Springfield, Missouri 65804
417-887-8351
417-877-7948

_____/s/Richard D. Crites_____
By Richard D. Crites
Attorney for Plaintiffs
Missouri Bar No. 28619

R Lynn Myers
Regions Bank Building
2045 S. Glenstone Avenue, Suite 201
Springfield, Missouri 65804
417-887-8407
417-877-7948

_____/s/ R. Lynn Myers_____
Attorney for Plaintiff
Missouri Bar Number 25827